OPINION OF THE COURT
Lucy Billings, J.
Plaintiff moves for a default judgment based on an affidavit *525 executed in Texas, but not accompanied by a. certificate authenticating the authority of the person administering the oath, as required by CPLR 2309 (c). While the courts previously have denied such motions based on the failure to authenticate the authority of a notary public outside New York, this court, on defendants’ default, grants plaintiffs motion. (CPLR 3215.) "When the person administering the oath for an out-of-State affidavit is a notary, the affidavit does not require a certificate authenticating the notary’s authority.
In requiring authentication of an out-of-State oath giver’s power, CPLR 2309 (c) provides that: “An oath or affirmation taken without the state shall be treated as if taken within the state if it is accompanied by such certificate or certificates as would be required to entitle a deed acknowledged without the state to be recorded within the state if such deed had been acknowledged before the officer who administered the oath or affirmation.” CPLR 2309 (c) thus adopts the requirements of Real Property Law §§ 299 and 311, which govern acknowledgment of deeds and authentication of acknowledgments outside the State.
Real Property Law § 299 (3) designates a notary public as eligible to acknowledge a deed outside New York. Section 311 (4) requires only that acknowledgments pursuant to section 299 (5), “by an officer or person not elsewhere * * * specifically designated to take acknowledgments” in section 299, be accompanied by a certificate of authentication. Section 311 (5) reinforces the limits of the requirement for a certificate of authentication. “[N]o certificate of authentication shall be required to entitle a conveyance to be read in evidence or recorded in this state when acknowledged or proved before any officer designated in [section 299] * * * to take such acknowledgment or proof.” (Real Property Law § 311 [5].)
Since Real Property Law § 299 (3) designates a notary public as eligible to acknowledge a deed outside the State, under Real Property Law § 311 (4) and (5), a separate authentication is not required for a notary public. Similarly, under CPLR 2309 (c), acknowledgments by out-of-State notaries are permissible without separate authentication. Plaintiffs affidavit, signed and sworn to before a notary in Texas, does not require an accompanying certificate authenticating the notary’s authority to administer oaths.
Based on plaintiffs affidavit, the court grants plaintiffs mo *526 tion for a default judgment and awards judgment in favor of plaintiff and against defendants for $1,575, with interest from January 29, 1998.