■ JUAN BURGOS, Respondent, v ALLCITY INSURANCE COMPANY et al., Appellants. [707 NYS2d 438] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about October 20, 1999, which denied defendants' motion to vacate a default judgment, unanimously reversed, on the law, the facts, and in the exercise of discretion, the motion granted and the judgment vacated on the condition that defendants pay plaintiff $1,000 within 30 days of service of this order with notice of entry.

We find that the motion court's exercise of discretion, in denying defendants' motion to vacate, was improvident. Defendant insurers established that their default, in this Insurance Law § 3420 (a) (2) action, was excusable, pursuant to CPLR 5015 (a), by sufficiently demonstrating a reasonable excuse, a lack of prejudice to plaintiff, the timeliness of the motion to vacate, and the existence of a meritorious defense (*see, Frenchy's Bar & Grill v United Intl. Ins. Co.*, 251 AD2d 177). Their assertion of law office failure provided a reasonable excuse for the default, since they showed that their failure to forward the summons and complaint to their attorney and his subsequent default on the motion were not willful (*see,* CPLR 2005; *Barajas v Toll Bros.*, 247 AD2d 242; *see also, Sanchez v Javind Apt. Corp.*, 246 AD2d 353). They asserted a meritorious defense by offering proof that the judgment exceeded the limits of the insurance policy at issue (*see,* Insurance Law § 3420 [a] [2]; *see also, D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Holmes v Allstate Ins. Co.*, 33 AD2d 96). They contend that the only prejudice that plaintiff might suffer would result from this action having to be brought pursuant to section 3420 (a) (2); if they prevail on their allegation that the insurance policy has a $10,000 limit, the statute requires that plaintiff's recovery in this action be limited to that amount. Finally, defendants show that the motion to vacate was timely made, pursuant to CPLR 5015 (a) (1), inasmuch as they moved to vacate within a few weeks of receiving notice of the default. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.