*263 OPINION OF THE COURT
Edgar G. Walker, J.
The plaintiff has moved to reargue this court’s decision denying its motion to enter a default judgment against the defendants. The moving papers on the underlying motion relied upon an affidavit taken in Arizona by an Arizona notary who affixed only the standard jurat. The court ruled that the papers were insufficient under CPLR 2309 (c)[1] in that they lacked a certificate of conformity as required by Real Property Law § 299-a (l).[2] In its motion to reargue plaintiff relies upon a letter from the Deputy Chief Clerk of this court advising counsel that no certificate of authentication pursuant to Real Property Law § 311 is required by CPLR 2309 (c). The court agrees with its clerk, as well as other judges (see, e.g. Firstcom Broadcast Servs. v New York Sound, 184 Misc 2d 524) that a certificate of authentication is not required by section 311, and the underlying motion was not denied because it lacked such certificate.
*264 A certificate of authentication certifies the identity and authority of the person who took the acknowledgment or proof. (Real Property Law § 312.) A certificate of conformity certifies that the manner in which the acknowledgment or proof was taken conforms with the laws of the appropriate jurisdiction. (Real Property Law § 299-a [1].) The different certificates serve different purposes, under different circumstances and are made by different certifying officers. While section 311 (5) specifically excludes acknowledgments and proofs taken before any officer specified in section 299 of the law, section 299-a (1) explicitly mandates that an acknowledgment or proof made pursuant to section 299 “must be accompanied by” a certificate of conformity.
The motion to reargue is denied.

. “Oaths and affirmations taken without the state. An oath or affirmation taken without the state shall be treated as if taken within the state if it is accompanied by such certificate or certificates as would be required to entitle a deed acknowledged without the state to be recorded within the state if such deed had been acknowledged before the officer who administered the oath or affirmation.”

. “Acknowledgment to conform to law of New York or of place where taken; certificate of conformity
“1. An acknowledgment or proof made pursuant to the provisions of section two hundred ninety-nine of this chapter may be taken in the manner prescribed either by the laws of the state of New York or by the laws of the state, District of Columbia, territory, possession, dependency, or other place where the acknowledgment or proof is taken. The acknowledgment or proof, if taken in the manner prescribed by such state, District of Columbia, territory, possession, dependency, or other place, must be accompanied by a certificate to the effect that it conforms with such laws. Such certificate may be made by
“(a) An attomey-at-law admitted to practice in the state of New York, resident in the place where the acknowledgment or proof is taken, or by
“(b) An attorney-at-law admitted to practice in the state, District of Columbia, territory, possession, dependency, or other place where the acknowledgment or proof is taken, or by
“(c) Any other person deemed qualified by any court of the state of New York, if, in any action, proceeding, or other matter pending before such court, it be necessary to determine that such acknowledgment or proof conforms with the laws of such state, District of Columbia, territory, possession, dependency, or other place; or by the supreme court of the state of New York, on application for such determination. The justice, judge, surrogate, or other presiding judicial officer shall append to the instrument so acknowledged or proved his signed statement that he deemed such person qualified to make such certificate.”