■ KENNETH SMITH, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [832 NYS2d 587]—

In an action, inter alia, pursuant to Insurance Law § 3420 (a) to recover an unsatisfied judgment against the defendants' insured, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 31, 2006, as granted his motion for summary judgment only to the extent of awarding him the sum of $25,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly limited the amount of his recovery from the defendant insurance companies to $25,000. Insurance Law § 3420 (a) (2) permits a plaintiff who holds an unsatisfied judgment against an insured individual to maintain an action against the insured's carrier to collect the judgment. An action pursuant to § 3420 (a) (2) can be commenced following a 30-day waiting period after service upon the insurance company of notice of entry of the judgment. However, the statute does not permit the plaintiff's recovery to exceed "the amount of the applicable limit of coverage" under the subject insurance policy (Insurance Law § 3420 [a] [2]; *see Kleynshvag v GAN Ins. Co.*, 21 AD3d 999 [2005]; *Bennion v Allstate Ins. Co.*, 284 AD2d 924 [2001]; *Burgos v Allcity Ins. Co.*, 272 AD2d 195 [2000]).

Here, the plaintiff alleged in his amended complaint that the subject automobile liability policy had a limit of $25,000, and the certified copy of the policy and declarations page produced by the defendants in opposition to the motion for summary judgment confirmed that the coverage limit for bodily injury was $25,000 per person, and $50,000 per occurrence. Although the certification statement annexed to the policy, which was signed outside of New York State, was not accompanied by a certificate authenticating the authority of the notary who administered the oath (*see* CPLR 2309 [c]), this omission was not a fatal defect (*see* CPLR 2001; *Sparaco v Sparaco*, 309 AD2d 1029 [2003]; *Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833 [1989]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3, at 348).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.