■ MERVAT FALAH, Appellant, v STOP & SHOP COMPANIES, INC., et al., Respondents. [838 NYS2d 639]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated February 7, 2006, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff was three months pregnant when she allegedly slipped and fell on coffee beans on the floor of the defendants' supermarket. The plaintiff was transported to the hospital after her fall, and on the following day she suffered a miscarriage. The plaintiff thereafter commenced this action seeking damages for the emotional distress she had suffered as a result of the miscarriage. The defendants subsequently moved for summary judgment on the ground, inter alia, that the plaintiff would be unable to prove that the fall was the proximate cause of her miscarriage. In opposition to the motion, the plaintiff submitted the notarized affidavit of a physician in Ohio who averred, based upon his review of the hospital records, that the plaintiff's miscarriage was causally related to her fall. The Supreme Court granted the defendants' motion for summary judgment, concluding that the plaintiff could not establish that her miscarriage was caused by the fall because the physician's affidavit was not in proper evidentiary form. We reverse.

As the proponents of a motion for summary judgment, the

defendants were required to make a prima facie showing of their entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). As a general rule, a party cannot establish its entitlement to summary judgment merely by pointing to gaps in the opponent's proof (*see Restrepo v Rockland Corp.*, 38 AD3d 742 [2007]; *Picart v Brookhaven Country Day School*, 37 AD3d 798 [2007]; *Pappalardo v Long Is. R.R. Co.*, 36 AD3d 878 [2007]; *McArthur v Muhammad*, 27 AD3d 532 [2006]). Since the defendants failed to affirmatively offer any evidentiary proof that the plaintiff's fall was not a proximate cause of her miscarriage, the Supreme Court should not have granted their motion for summary judgment dismissing the complaint on this ground regardless of the sufficiency of the opposition papers (*see Restrepo v Rockland Corp., supra; Picart v Brookhaven Country Day School, supra; Pappalardo v Long Is. R.R. Co., supra*). In any event, the notarized affidavit of the Ohio physician who reviewed the plaintiff's hospital records was sufficient to raise an issue of fact as to whether there was a causal relation between the fall and her miscarriage, despite the alleged defects in the form of the affidavit (*see* CPLR 2001; *Smith v Allstate Ins. Co.*, 38 AD3d 522 [2007]; *Sparaco v Sparaco*, 309 AD2d 1029 [2003]; *Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833 [1989]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3). Miller, J.P., Mastro, Krausman and Carni, JJ., concur.