■ ROBERTO HERNANDEZ et al., Appellants, v AMERICAN TRANSIT INSURANCE COMPANY, Respondent. [875 NYS2d 125]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover on two unsatisfied judgments entered against the defendant's insureds, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered February 29, 2008, which, after a nonjury trial, is favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment in favor of the plaintiffs and against the defendant.

In this action pursuant to Insurance Law § 3420 (a) (2), the plaintiffs made out their prima facie case by demonstrating that they each had obtained a judgment against each of the tortfeasors, served the insurance company with a copy of the judgment, and awaited payment for 30 days (*see Lang v Hanover Ins. Co.,* 3 NY3d 350, 352 [2004]). Since the judgments are presumptively valid (*see Knickerbocker Trust Co. v Oneonta, Cooperstown & Richfield Springs Ry. Co.,* 201 NY 379, 384 [1911]; *Boorman v Deutsch,* 152 AD2d 48, 52 [1989]), the burden was on the defendant to establish its claim that the judgments are invalid. The defendant failed, however, to establish any invalidity in the judgments that would be a defense to enforcement of the judgments against it (*see Braddy v Allcity Ins. Co.,* 282 AD2d 637, 638 [2001]; *Vaccarino v Allstate Ins. Co.,* 270 AD2d 411 [2000]). As a result, the Supreme Court erred in awarding judgment to the defendant and should have awarded judgment in favor of the plaintiffs. Spolzino, J.P., Covello, Balkin and Belen, JJ., concur.