■ MARLENE ROY, Respondent, v CITY OF NEW YORK et al., Appellants. [885 NYS2d 108]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated July, 14, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was employed by the defendant Board of Education of the City of New York as a local instructional su-

perintendent, allegedly slipped and fell on a puddle of water while she was exiting the lobby of P.S. 12k (hereinafter the school) in Brooklyn at 10:45 A.M. The plaintiff alleged that between 8:30 A.M. and 8:45 A.M. she observed several puddles of water between two mats in the lobby, and that this was the same water she fell on as she was leaving the building, even though she was not sure if the size of the puddles changed. After the plaintiff commenced this action, the defendants moved for summary judgment dismissing the complaint on the ground that they neither created nor had actual or constructive notice of the hazardous condition.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Bruk v Razag, Inc.,* 60 AD3d 715 [2009], quoting *Sloane v Costco Wholesale Corp.,* 49 AD3d 522, 523 [2008]; *see Goldman v Waldbaum, Inc.,* 248 AD2d 436, 437 [1998]).

The defendants failed to submit evidence sufficient to establish that they did not have constructive notice of the alleged dangerous condition, since they failed to submit any evidence regarding any particularized or specific inspection or cleaning procedure that they utilized in the area of the plaintiff's fall on the date of the accident (*see Bruk v Razag, Inc.,* 60 AD3d 715 [2009]; *Birnbaum v New York Racing Assn., Inc.,* 57 AD3d 598, 598-599 [2008]; *Van Dina v St. Francis Hosp., Roslyn, N.Y.,* 45 AD3d 673, 674 [2007]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436, 437 [2005]).

Additionally, the evidence submitted by the defendants indicated that the puddles of water existed for almost two hours before the accident, thus demonstrating the existence of a triable issue of fact regarding whether this condition existed for a sufficient length of time for the defendants to discover and remedy it (*see Villaurel v City of New York,* 59 AD3d 709 [2009]; *Backer v Central Parking Sys.,* 292 AD2d 408 [2002]; *Huth v Allied Maintenance Corp.,* 143 AD2d 634, 636 [1988]).

Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The defendants' remaining contentions are without merit. Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.