■ EDELGARD BETZ, Respondent, v DANIEL CONTI, INC., et al., Appellants. [892 NYS2d 477]—

The plaintiff alleges that, on May 25, 2005, she sustained injuries as a result of a slip and fall on a brick walkway on premises owned by the defendants. The defendants moved for summary judgment dismissing the complaint on the ground that the walkway was not defective, and that, even if a defect existed, they neither created it nor had actual or constructive notice of its existence.

Although the affidavit of the defendants' expert, which was notarized outside the state, failed to conform to the requirements set forth in CPLR 2309 (c), contrary to the Supreme Court's determination, such defect was not fatal, as the plaintiff was not prejudiced thereby (*see* CPLR 2001; *Smith v Allstate Ins. Co.,* 38 AD3d 522 [2007]; *see also Falah v Stop & Shop Cos., Inc.,* 41 AD3d 638 [2007]).

Nonetheless, considering the papers submitted by the defendants in support of their motion, including their expert's affidavit, the defendants failed to establish, prima facie, that the walkway was not defective, or that, if the alleged defect existed, they did not create or have actual or constructive notice thereof (*see Roy v City of New York,* 65 AD3d 1030 [2009]; *Alexander v Rum Point Tavern, Inc.,* 62 AD3d 731 [2009]; *Gullo-Georgio v Dunkin' Donuts Inc.,* 38 AD3d 836 [2007]). The expert's affidavit did not address the plaintiff's allegation in her complaint that the accident occurred because the walkway was "uneven, wet, moldy, moss covered, grassy, slippery, dangerous and hazardous." Instead, the defendants' expert contended that the

walkway was not defective because it complied with the provisions of the State Uniform Fire Prevention and Building Code (19 NYCRR parts 1220-1228) applicable to newly constructed handicapped accessible ramps (*see* Building Code of NY State § 1003.3.4 [2007], as incorporated by reference into 19 NYCRR 1221.1 [a]), which was not responsive to the plaintiff's allegations regarding the cause of her accident. Further, there was no evidence in the record to suggest that the plaintiff fell on any type of ramp.

Moreover, in her deposition testimony, the plaintiff noted that she had made several complaints to the defendants about people falling on the walkway, as well as the dangerous condition of the walkway. In his deposition testimony, the individual defendant recalled receiving complaints about a walkway on the premises prior to the subject accident and, although he speculated that the complaints and accidents may have concerned a different walkway, he admitted that the defendants did not maintain records of complaints or accidents. The individual defendant also explained that the defendants did not keep maintenance records regarding the premises until 2006 and, thus, he did not know what maintenance, if any, had been performed on the walkway prior to the subject accident.

Accordingly, the defendants failed to establish, prima facie, that the walkway was not defective, or that, if the walkway were defective, they neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Roy v City of New York*, 65 AD3d 1030 [2009]; *Alexander v Rum Point Tavern, Inc.*, 62 AD3d 731 [2009]; *Kucevic v Three Park Ave. Bldg. Co., L.P.*, 55 AD3d 792 [2008]; *cf. Shindler v Warf*, 66 AD3d 762 [2009]). Since the defendants failed to meet their burden, we need not consider the sufficiency of the papers submitted by the plaintiff in opposition to the motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants' remaining contention—that the alleged defect was not the proximate cause of the subject accident—is raised for the first time on appeal and, thus, is not properly before this Court (*see Green Apple Mgt. Corp. v Aronis*, 55 AD3d 669 [2008]). Mastro, J.P., Fisher, Belen and Austin, JJ., concur.