EDGAR GIRALDO et al., Appellants, v WASHINGTON INTERNATIONAL INSURANCE COMPANY, Respondent. [962 NYS2d 171]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment in favor of the plaintiffs and against the defendant's insured, the plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County (McDonald, J.), dated June 12, 2012, as, upon an order of the same court dated March 30, 2012, granting their motion for summary judgment only to the extent of awarding each plaintiff the principal sum of $100,000, is in favor of them and against the defendant in the principal sum of only $200,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly limited the amount of the

plaintiffs' recovery to the principal sum of $100,000 for each plaintiff (see Smith v Allstate Ins. Co., 38 AD3d 522 [2007]). Pursuant to Insurance Law § 3420 (a) (2), an injured person who has obtained an unsatisfied judgment against a tortfeasor may commence an action against the tortfeasor's insurer to recover the amount of the unsatisfied judgment, up to the policy limit (see Insurance Law § 3420 [a] [2]; Lang v Hanover Ins. Co., 3 NY3d 350, 352 [2004]; Konig v Hermitage Ins. Co., 93 AD3d 643, 645 [2012]; Marsala v Travelers Indem. Co., 50 AD3d 864, 865 [2008]).

Here, in opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law, the defendant demonstrated that the applicable coverage limit was $100,000 per person for bodily injury, with an aggregate limit of $300,000 per occurrence (see Rules of City of NY Taxi & Limousine Commn [35 RCNY] § 58-13 [d] [1] [ii]; Smith v Allstate Ins. Co., 38 AD3d at 523). Under these circumstances, the Supreme Court properly granted the plaintiffs' motion for summary judgment only to the extent of awarding each plaintiff the principal sum of $100,000 (cf. Friedman v Progressive Direct Ins. Co., 100 AD3d 591 [2012]).

Contrary to the plaintiffs' contention, the defendant did not waive its defense regarding the applicable coverage limit by failing to plead it as an affirmative defense, since this defense did not take the plaintiffs by surprise, and did not raise issues of fact not appearing on the face of the complaint (see CPLR 3018 [b]). Balkin, J.P., Hall, Austin and Cohen, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30842(U).]**