■ DARLING FERREIRA, Appellant, v GLOBAL LIBERTY INSURANCE COMPANY OF NEW YORK, Respondent. [989 NYS2d 388]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated March 21, 2013, which denied her motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the complaint and substituting therefor a provision granting that motion to the extent of awarding her the sum of $100,000, plus interest from the date of entry of the underlying judgment, and the motion is otherwise denied; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured in an underlying personal injury action. The defendant issued a letter disclaiming coverage on March 28, 2012, on the basis of the insured's failure to cooperate. The plaintiff contends that the disclaimer is invalid because it was untimely served and did not deny coverage on the basis of the plaintiff's failure to inform the defendant of the lawsuit.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by proffering evidence that a copy of the underlying judgment with notice of entry was served

upon the defendant, and that after 30 days the judgment still remained unsatisfied (*see Alejandro v Liberty Mut. Ins. Co.*, 84 AD3d 1132, 1133 [2011]; *Jimenez v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 637, 639 [2010]; *Hernandez v American Tr. Ins. Co.*, 60 AD3d 634, 634 [2009]). In opposition, the defendant failed to raise a triable issue of fact.

Contrary to the defendant's contention, its disclaimer of coverage was ineffective. An insurance company has an affirmative obligation to provide written notice of a disclaimer of coverage as soon as is reasonably possible, even where the policyholder's own notice of the claim to the insurer is untimely (*see Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029-1030 [1979]; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502, 504 [1998]). Here, the defendant learned by January 6, 2012, at the latest, about the underlying personal injury action. The defendant was aware by that date of the grounds for disclaimer of coverage (*see Republic Franklin Ins. Co. v Pistilli*, 16 AD3d 477, 479 [2005]). Nevertheless, it did not disclaim coverage until March 28, 2012, almost three months later, a delay that, under the circumstances of this case, is unreasonable as a matter of law (*see Guzman v Nationwide Mut. Fire Ins. Co.*, 62 AD3d 946, 947 [2009]; *Moore v Ewing*, 9 AD3d 484, 488 [2004]; *Faas v New York Cent. Mut. Fire Ins. Co.*, 281 AD2d 586, 587 [2001]; *Matter of Colonial Penn Ins. Co. v Pevzner*, 266 AD2d 391, 391 [1999]; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d at 504). Accordingly, the plaintiff's motion for summary judgment on the complaint should have been granted.

The defendant is correct that recovery should be limited to the sum of $100,000, which is the limit of the subject policy (*see* Insurance Law § 3420 [a] [2]; *Giraldo v Washington Intl. Ins. Co.*, 103 AD3d 775, 775-776 [2013]; *Smith v Allstate Ins. Co.*, 38 AD3d 522, 523 [2007]; *Burgos v Allcity Ins. Co.*, 272 AD2d 195, 195 [2000]). However, the plaintiff is entitled to interest on the sum of $100,000, which accrued since the entry of the underlying judgment (*see Friedman v Progressive Direct Ins. Co.*, 100 AD3d 591, 592 [2012]; *NYAT Operating Corp. v GAN Natl. Ins. Co.*, 46 AD3d 287, 288 [2007]; *Levit v Allstate Ins. Co.*, 308 AD2d 475, 477 [2003]).

In light of our determination, we need not reach the plaintiff's remaining contention. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.