[991 NYS2d 623]

MIDFIRST BANK, Appellant, v MABLE AGHO et al., Defendants.

Second Department, August 13, 2014

APPEARANCES OF COUNSEL

*Frenkel, Lambert, Weiss, Weisman & Gordon, LLP*, Bay Shore (*Joseph F. Battista* of counsel), for appellant.

**OPINION OF THE COURT**

DILLON, J.

Introduction

Our Court is observing a significant upswing in the number of appeals where the parties are contesting the admissibility of affidavits executed outside of the state, without CPLR 2309 (c) certificates of conformity. The issue has arisen in varied summary judgment and default motion contexts, including motions in residential mortgage foreclosure actions reliant upon affidavits of out-of-state bank employees (*see Freedom Mtge. Corp. v Toro*, 113 AD3d 815 [2014]; *U.S. Bank N.A. v Dellarmo*, 94 AD3d 746 [2012]), motions in medical malpractice actions reli-

ant upon out-of-state physician experts (*see Rivers v Birnbaum*, 102 AD3d 26 [2012]; *Bey v Neuman*, 100 AD3d 581 [2012]), motions in slip-and-fall actions reliant upon out-of-state witnesses (*see Betz v Daniel Conti, Inc.*, 69 AD3d 545 [2010]; *Falah v Stop & Shop Cos., Inc.*, 41 AD3d 638 [2007]), motions in actions brought pursuant to Insurance Law § 3420 (a) (*see Smith v Allstate Ins. Co.*, 38 AD3d 522 [2007]), motions in motor vehicle negligence actions reliant upon out-of-state experts (*see Matos v Salem Truck Leasing*, 105 AD3d 916 [2013]; *Fredette v Town of Southampton*, 95 AD3d 940 [2012]), and motions in contract actions reliant upon out-of-state expert contractors (*see Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 110 AD3d 680 [2013]). We use the instant appeal as an occasion to clarify the law relating to the conformity of out-of-state affidavits as required by CPLR 2309 (c).

Facts

On July 6, 1999, the defendants Mabel Agho and Rita Fashek (hereinafter together the defendants), obtained a home loan in the sum of $202,190, secured by a mortgage on their residence in Brooklyn. The lender, Brucha Mortgage Bankers Corp. (hereinafter Brucha), assigned the mortgage and note to Homeside Lending, Inc. (hereinafter Homeside), which, in turn, on May 31, 2002, assigned the mortgage and note to the plaintiff, Midfirst Bank. The defendants defaulted in their payment obligations beginning with the installment payment due on August 1, 2009. On June 24, 2010, the plaintiff commenced this mortgage foreclosure action in the Supreme Court, Kings County. The defendant Rita Fashek served an appearance but did not answer. The defendant Mabel Agho interposed an answer denying material allegations set forth in the complaint and asserting two affirmative defenses.

The defendants failed to appear at four settlement conferences scheduled pursuant to CPLR 3408. The plaintiff thereafter moved, inter alia, for summary judgment on the complaint and to appoint a referee to compute the sums due and owing under the subject note and mortgage. The plaintiff's Senior Foreclosure Litigation Specialist, Josh Mills, submitted an affidavit in support of the motion that summarized, from his personal knowledge and business records, the execution of the mortgage and note, the assignments of the mortgage and note from Brucha to Homeside to the plaintiff, the defendants' default in payments and amounts due, and the plaintiff's documented compliance with various residential mortgage fore-

closure notice requirements relative to Agho's affirmative defenses.

Mills's affidavit was executed in the County of Oklahoma, State of Oklahoma, on September 20, 2012. The jurat reads:

> "JURAT
>
> "State of Oklahoma
>
> "County of Oklahoma
>
> "Subscribed and sworn to (or affirmed) before me this 20th [sic] of September, 2012, by Josh Mills, [who] provided to me the basis of satisfactory evidence to be the person(s) who appeared before me.
>
> "Signature Mark R. Pitts (Notary Seal)
>
> "Notary Public."

The Notary Seal contained Pitts's name and notary number, and the future expiration date of his notary license.

The affidavit and jurat were accompanied by a further document called a "Uniform, All Purpose Certificate of Acknowledgment."

The Certificate of Acknowledgment read:

> **"UNIFORM, ALL PURPOSE CERTIFICATE OF ACKNOWLEDGMENT**
>
> "(Must sign in addition to Jurat if signed outside of New York State)
>
> "State of Oklahoma
>
> "County of Oklahoma
>
> "On the 20th day of September in the year of 2012 before me, the undersigned, personally appeared Josh Mills, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in Oklahoma City, Oklahoma (Insert the city or other political subdivi-

sion and the state or county or other place the acknowledgment was taken).

"Mark R. Pitts

"Notary Public

"(Notary Seal)."

The plaintiff's counsel argued in a supporting affirmation that on the basis of Mills's affidavit and related exhibits, the plaintiff was entitled to summary judgment on the complaint and that Agho's two affirmative defenses were without merit. The defendants submitted no papers in opposition to the plaintiff's motion.

The Supreme Court denied the plaintiff's motion in a handwritten, three-sentence decision and order. The Court held that "the affidavit relied upon had an out of state notary, w/o a certificate of conformity." The Supreme Court did not discuss the "Uniform, All Purpose Certificate of Acknowledgment" that accompanied Mills's affidavit.

For the reasons set forth below, we reverse the order insofar as appealed from, and grant those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the sums due and owing under the subject note and mortgage.

Legal Analysis

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The evidence submitted in support of summary judgment must be in a form admissible at trial (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]; *Zuckerman v City of New York*, 49 NY2d at 562). In residential mortgage foreclosure actions, as here, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default (*see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856 [2009]). Where the plaintiff is not the original lender and standing is at issue, the plaintiff seeking summary judg-

ment must also provide evidence that it received both the mortgage and note by a proper assignment (see *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207 [2009]), which can be established by the production of a written assignment of the note (see *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014]; *Homecomings Fin., LLC v Guldi*, 108 AD3d 506 [2013]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]) or by physical delivery to the plaintiff of the mortgage and note (see *Kondaur Capital Corp. v McCary*, 115 AD3d 649 [2014]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]). If the plaintiff fails to satisfy its prima facie burden, the papers submitted in opposition to the motion need not be considered (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). If the plaintiff makes a prima facie showing, the burden shifts to the defendants to demonstrate " 'the existence of a triable issue of fact as to a bona fide defense to the action' " (*Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012], quoting *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]).

Here, the affidavit of Josh Mills was necessary for the plaintiff to establish the assignment to it of the subject mortgage and note and the defendants' default in payment. The primary issue on this appeal is whether Mills's out-of-state affidavit was sworn to and conformed in a manner rendering it admissible in this state under CPLR 2309 (c).

CPLR 2309 (c) provides that an "oath or affirmation taken without the state shall be treated as if taken within the state if it is accompanied by [a] certificate . . . as would be required to entitle a deed acknowledged without the state to be recorded within the state." The obvious purpose of CPLR 2309 (c) is to assure that sworn documents executed outside of New York, perhaps under different standards or procedures, are executed in a manner that meets New York's reliability standards, as equivalent to the execution requirements for the recording of a deed.

The "certificate" required by CPLR 2309 (c), commonly referred to in case law as a "certificate of conformity," must contain language attesting that the oath administered in the

foreign state was taken in accordance with the laws of that jurisdiction or the law of New York (*see* Real Property Law § 299-a [1]). A "certificate of conformity" is separate and distinct from a "certificate of authentication," which attests to the oathgiver's authority under the foreign jurisdiction to administer oaths (*see* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2309:3). In other words, a certificate of conformity speaks to the manner in which a foreign oath is taken, whereas a certificate of authentication speaks to the vested power of the individual to administer the oath (*see Ford Motor Credit Co. v Prestige Gown Cleaning Serv.*, 193 Misc 2d 262, 264 [2002]; *Firstcom Broadcast Servs. v New York Sound*, 184 Misc 2d 524 [2000]). A certificate of authentication is sometimes colloquially referred to as a "flag" (*see Citibank [S.D.], N.A. v Martin*, 11 Misc 3d 219, 224 [2005]; Siegel, NY Prac § 388 at 678 [5th ed 2011]).

Real Property Law § 299 identifies certain officers who may, for the conveyance of real property situated in New York, acknowledge the conveyance outside of New York. The specified officers are judges of an out-of-state court having a seal, clerk, or other certifying officer; mayors or other chief civil officers of foreign political subdivisions; notary publics of the foreign state; commissioners of deed appointed by the foreign state to take acknowledgments; and any other persons authorized by the foreign state to take acknowledgments or proof of deed for recording them therein (Real Property Law § 299 [1]-[5]). As relevant to New York practice, the notary public is the foreign state officer who will most often be observed acknowledging affidavits and other documents for filing in our state.

Further, Real Property Law § 311 (5) provides that "no certificate of authentication shall be required to entitle a conveyance to be . . . recorded in this state when acknowledged or proved before any officer designated in section 299 [of the Real Property Law]" which, as noted, are foreign judges, mayors, notaries, commissioners, and other persons designated by such state to take acknowledgments or proof of deeds to be recorded.

A combined reading of CPLR 2309 (c) and Real Property Law §§ 299 and 311 (5) leads to the inescapable conclusion that where, as here, a document is acknowledged by a foreign state notary, a separate "certificate of authentication" is not required to attest to the notary's authority to administer oaths (*see Ford Motor Credit Co. v Prestige Gown Cleaning Serv.*, 193 Misc 2d at 263; *Firstcom Broadcast Servs. v New York Sound*, 184 Misc

2d at 524). Real Property Law § 311 (5) exempts the officers enumerated in Real Property Law § 299, such as foreign notaries, from the requirement for a certificate of authentication. A certificate of authentication becomes necessary when an out-of-state acknowledgment is provided by a foreign officer other than one enumerated in Real Property Law § 299, or when the acknowledgment is taken in foreign countries other than Canada, or by foreign mayors or chief civil officers not under seal (*see* Real Property Law § 311 [2]-[4]).

Nevertheless, CPLR 2309 (c) requires that even when a notary is the foreign acknowledging officer, there must still be a "certificate of conformity" to assure that the oath was administered in a manner consistent with either the laws of New York or of the foreign state. In other words, a certificate of conformity is required whenever an oath is acknowledged in writing outside of New York by a non-New York notary, and the document is proffered for use in New York litigation.

To assist practitioners in establishing that a foreign attestation is adequate, the legislature enacted in 1998, and amended in 2002, Real Property Law § 309-b. Specifically, the statute provides template language for a certificate of acknowledgment or proof of execution, made without this state, for real property conveyances within the state. In general, it provides guidance for CPLR 2309 (c) purposes, as to whether an out-of-state acknowledgment is taken in conformity with New York law. The template language of Real Property Law § 309-b (1) reads:

> "State, District of Columbia,)
>
> "Territory, Possession, or)
>
> "Foreign Country)                    ss.:
>
> "On the [___] day of [___] in the year [___] before me, the undersigned, personally appeared [_____], personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.
>
> "(Signature and office of individual taking acknowledgment.)"

Out-of-state affidavits need merely conform "substantially" to the foregoing statutory template to be adequate (Real Property Law § 309-b [1], [2]).

■ Here, the Supreme Court erred in concluding that the Mills affidavit was not accompanied by a certificate of conformity, as the "Uniform, All Purpose Certificate of Acknowledgment," appended to the Mills affidavit, substantially conformed with the template requirement of Real Property Law § 309-b and constituted a certificate of conformity. The "Uniform, All Purpose Certificate of Acknowledgment" attested that the notary public, Mark R. Pitts, confirmed Josh Mills's identity when Mills executed his affidavit in Pitts's presence on the date the affidavit was executed, and was signed by Pitts alongside his notary seal. Moreover, since Mills's signature upon the affidavit was acknowledged by a notary licensed in Oklahoma, no separate certificate of authentication was required (*see* Real Property Law §§ 299, 311 [5]).

Accordingly, Mills's affidavit was in proper admissible form for consideration by the Supreme Court. The contents of Mills's affidavit and related exhibits established the plaintiff's prima facie entitlement to judgment as a matter of law on the complaint as to all necessary elements including the existence of the mortgage and note, the assignment of the mortgage and note to the plaintiff prior to the commencement of the action, the defendants' default in payment, and the nonviability of Agho's affirmative defenses. The defendants, who filed no papers in opposition to the plaintiff's motion, necessarily failed to raise any triable issue of fact.

■ Parenthetically, we note that even if the Mills affidavit was not accompanied by a certificate of conformity, the Appellate Division, Second Department, has typically held, since 1951, that the absence of a certificate of conformity is not, in and of itself, a fatal defect (*see Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc.*, 110 AD3d at 680; *Bey v Neuman*, 100 AD3d at 582; *Fredette v Town of Southampton*, 95 AD3d at 942; *Falah v Stop & Shop Cos., Inc.*, 41 AD3d at 639; *Smith v Allstate Ins. Co.*, 38 AD3d at 523; *Raynor v Raynor*, 279 App Div 671 [1951]). The defect is not fatal, as it may be corrected nunc pro tunc (*see U.S. Bank N.A. v Dellarmo*, 94 AD3d 746 [2012]), or pursuant to CPLR 2001, which permits trial courts to disregard mistakes, omissions, defects, or irregularities at any time during an action where a substantial right of a party is not prejudiced (*see Matos v Salem Truck Leasing*, 105 AD3d at 917; *Rivers v Birnbaum*,

102 AD3d at 44; *Betz v Daniel Conti, Inc.*, 69 AD3d at 545). Thus, even if the certificate of conformity was inadequate or missing, no substantial right of the defendants is prejudiced. As they failed to oppose the plaintiff's motion or raise the issue, it was inappropriate for the Supreme Court to, sua sponte, do so on the defendants' behalf (*see Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45 [2d Dept 2014]). Therefore, the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the sums due and owing under the subject mortgage are granted.

Mastro, J.P., Leventhal and Duffy, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the sums due and owing under the subject mortgage are granted.