■ RAMONA BATISTA, Respondent, v GLOBAL LIBERTY INSURANCE COMPANY OF NEW YORK, Appellant. [23 NYS3d 367]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered October 8, 2014, as denied its motion, inter alia, to compel discovery and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint to the extent of awarding the plaintiff the principal sum of $100,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured in an underlying personal injury action. The defendant's insured failed to answer or appear in the underlying action, and a default judgment was entered against him. Approximately one year after receiving the default judgment with notice of entry, and nearly three years after learning of the subject claim, the defendant provided counsel to represent its insured in a hearing to determine the validity of service of the summons and complaint in the underlying action. After the Supreme Court determined that the defendant's insured was properly served, the defendant issued a letter disclaiming coverage on the basis of the insured's alleged failure to cooperate. The plaintiff contends that the purported disclaimer is invalid because it was untimely served and, in any event, there was no valid basis upon which the defendant could disclaim coverage.

The plaintiff demonstrated her prima facie entitlement to judgment as a matter of law by proffering evidence that a copy

of the underlying judgment with notice of entry was served upon the defendant, and that after 30 days the judgment still remained unsatisfied (*see* Insurance Law § 3420 [a] [2]; *Darling Ferreira v Global Liberty Ins. Co. of N.Y.*, 119 AD3d 837, 837-838 [2014]; *Okumus v National Specialty Ins. Co.*, 112 AD3d 797, 798 [2013]).

In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, its disclaimer of coverage was ineffective. An insurance company has an affirmative obligation to provide written notice of a disclaimer of coverage as soon as is reasonably possible, even where the policyholder's own notice of claim to the insurer is untimely (*see* Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029-1030 [1979]; *Okumus v National Specialty Ins. Co.*, 112 AD3d at 798). Where there is a delay in providing the written notice of disclaimer, the burden rests on the insurance company to explain the delay (*see Okumus v National Specialty Ins. Co.*, 112 AD3d at 798). Under the circumstances of this case, the defendant failed to adequately explain its delay in issuing the disclaimer (*see Darling Ferreira v Global Liberty Ins. Co. of N.Y.*, 119 AD3d at 838; *cf. Endurance Am. Specialty Ins. Co. v Utica First Ins. Co.*, 132 AD3d 434 [2015]; *Okumus v National Specialty Ins. Co.*, 112 AD3d at 798).

Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, to compel discovery and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint to the extent of awarding her the principal sum of $100,000, which is the limit of the subject policy, plus interest (*see* Insurance Law § 3420 [a] [2]; *Friedman v Progressive Direct Ins. Co.*, 100 AD3d 591, 592 [2012]; *cf. Giraldo v Washington Intl. Ins. Co.*, 103 AD3d 775 [2013]).

In light of our determination, we need not reach the plaintiff's contention that the defendant's motion, inter alia, to compel discovery was defective because it was not supported by an affirmation of good faith pursuant to 22 NYCRR 202.7.

The plaintiff's remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.