In an action, inter alia, to recover damages for personal injuries and wrongful death, etc., the defendant Advanced Fleet Maintenance, Inc., appeals from an order of the Supreme Court, Kings County (Schack, J.), dated November 30, 2015, which granted the plaintiffs’ motion, in effect, for a determination that Insurance Law § 3420 (a) (2) permits recovery against it or its insurer, nonparty Century Surety Company, of statutory interest payable on the final judgment in the action from the date of the decedent’s death.
 

 Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion, in effect, for a determination that Insurance Law § 3420 (a) (2) permits recovery against the defendant Advanced Fleet Maintenance, Inc., or its insurer, nonparty Century Surety Company, of statutory interest payable on the final judgment in the action from the date of the decedent’s death is denied.
 

 The plaintiffs’ decedent was employed as a helper on a private garbage truck and sustained fatal injuries when the truck lurched backward and pinned him against a garbage dumpster. The plaintiffs, the administrator of the decedent’s estate and the decedent’s infant son, by his mother and natural guardian, commenced this action, inter alia, to recover damages for personal injuries and wrongful death against, among others, the defendant Advanced Fleet Maintenance, Inc. (hereinafter Advanced), which serviced the truck’s transmission prior to the accident. Following a trial, the jury found that Advanced was 49.5% at fault in the happening of the accident and awarded damages to the plaintiffs. A judgment was entered in favor of the plaintiffs and against Advanced in the principal sum of $3,603,394, with statutory interest accruing from the date of the verdict. Advanced appealed from the judgment (see Vargas v Crown Container Co., Inc., 155 AD3d 989 [2017] [decided herewith]).
 

 Subsequently, the plaintiffs moved, in effect, for a determination that Insurance Law § 3420 (a) (2) permits recovery against Advanced or its insurer, nonparty Century Surety Company, of statutory interest payable on the judgment from the date of the decedent’s death. The Supreme Court granted the plaintiffs’ motion, and Advanced appeals.
 

 Insurance Law § 3420 (a) (2) permits a plaintiff to commence an action against an insurer for the policy limits in the event that a judgment which has not been stayed remains unsatisfied for 30 days. This provision does not apply to this case because Advanced’s insurer is not a party to the action (see Batista v Global Liberty Ins. Co. of N.Y., 135 AD3d 797 [2016]; Alejandro v Liberty Mut. Ins. Co., 84 AD3d 1132 [2011]), and the parties stipulated that the plaintiffs would not seek to execute the judgment or collect the judgment from the insurer until all appeals were exhausted. Accordingly, the plaintiffs’ motion should have been denied.
 

 Dillon, J.P., Austin, Hinds-Radix and LaSalle, JJ., concur.