■ CITIMORTGAGE, INC., Respondent, v ISAAC BROWN, Appellant, et al., Defendants. [974 NYS2d 272]—

In an action to foreclose a mortgage, the defendant Isaac Brown appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Ecker, J.), dated October 31, 2011, as denied his motion, inter alia, in effect, pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale of the same court (Owen, J.) dated January 14, 2009, entered upon his default in appearing or answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant moved, inter alia, in effect, pursuant to CPLR 5015 (a) (3) to vacate a judgment of foreclosure and sale entered upon his default in appearing or answering the complaint, and, thereupon, to dismiss the complaint. The appellant argued that the instrument assigning the mortgage to the plaintiff was fraudulently executed and filed so that the plaintiff could commence this action. The Supreme Court denied the appellant's motion on the ground that he had made several prior applications to vacate the judgment of foreclosure and sale, and was collaterally estopped from seeking the same relief again. We affirm the order insofar as appealed from, but on grounds different from those relied upon by the Supreme Court.

The appellant did not demonstrate that the plaintiff engaged in the type of fraud or misconduct that would warrant vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (*see U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]; *US Bank N.A. v Tate*, 102 AD3d 859 [2013]; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810 [2012]; *Bank of N.Y. v Stradford*, 55 AD3d 765, 766 [2008]). Moreover, the appellant failed to demonstrate that the invocation of a court's inherent power to vacate a judgment in the interest of substantial justice is warranted in this case (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167, 1168 [2010]). Accordingly, the Supreme Court properly denied the appellant's motion, inter alia, in effect, pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale. Dillon, J.P., Lott, Austin and Hinds-Radix, JJ., concur.