■ COMMUNITY WEST BANK, N.A., Formerly Known as GOLETA NATIONAL BANK, Respondent, v CHERYL STEPHEN, Also Known as CHERYL RAMEAU, et al., Appellants, et al., Defendants. [60 NYS3d 417]—

Appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 23, 2015. The order, insofar as appealed from, denied the motion of the appellants Cheryl Stephen, also known as Cheryl Rameau, and Monica Joseph pursuant to CPLR 5015 (a) (3), inter alia, to vacate a judgment of foreclosure and sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Cheryl Stephen, also known as Cheryl Rameau, and Monica Joseph (hereinafter together the movants), moved pursuant to CPLR 5015 (a) (3) to vacate a judg-

ment of foreclosure and sale that was entered upon their failure to answer the complaint. The movants contended that in calculating the indebtedness owed under the mortgage, the plaintiff misrepresented to the Supreme Court that they were required to pay interest in addition to the principal amount of $120,000. The court denied the motion. We affirm.

The movants failed to demonstrate the existence of fraud, misrepresentation, or misconduct on the part of the plaintiff and, therefore, they were not entitled to vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (see Diaz v Wyckoff Hgts. Med. Ctr., 148 AD3d 778, 779 [2017]; Porter v Porter, 137 AD3d 992, 993 [2016]; Citimortgage, Inc. v Brown, 111 AD3d 593, 594 [2013]; U.S. Bank N.A. v Allen, 102 AD3d 955, 955 [2013]; U.S. Bank N.A. v Tate, 102 AD3d 859, 860 [2013]; Citicorp Vendor Fin., Inc. v Island Garden Basketball, Inc., 27 AD3d 608, 609 [2006]). In any event, the Supreme Court did not err in determining that the movants unreasonably delayed in seeking relief under that provision (see Sealey v Westend Gardens Hous. Dev. Fund Co., Inc., 97 AD3d 653, 654 [2012]; Bank of N.Y. v Stradford, 55 AD3d 765, 765 [2008]). Accordingly, the court properly denied the movants' motion pursuant to CPLR 5015 (a) (3) to vacate the judgment of foreclosure and sale.

To the extent the plaintiff contends that the Supreme Court erred in denying its cross motion to impose a sanction upon the movants and their attorney, that contention is not properly before this Court, as the plaintiff did not appeal from the order (see CPLR 5515; Lewin v Levine, 146 AD3d 768, 770 [2017]; Matter of Sell v New York City Dept. of Educ., 135 AD3d 594, 596 [2016]). Moreover, we decline the plaintiff's request that this Court impose a sanction upon the movants for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1 [a]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.