Capital One, N.A. v Mc Cormack (2020 NY Slip Op 02664)





Capital One, N.A. v Mc Cormack


2020 NY Slip Op 02664


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-02989
 (Index No. 068855/14)

[*1]Capital One, N.A., respondent, 
v
Carol A. Mc Cormack, etc., appellant, et al., defendant.


David A. Bythewood, Mineola, NY, for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Yimell S. Abreu and Natalie A. Grigg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carol A. Mc Cormack appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered January 17, 2018. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court dated October 3, 2016.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2014, the plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Carol A. Mc Cormack (hereinafter the defendant), among others. The plaintiff moved for a judgment of foreclosure and sale, and the defendant did not oppose the motion. The Supreme Court entered a judgment of foreclosure and sale dated October 3, 2016. On October 23, 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale. In an order entered January 17, 2018, the court denied the motion. The defendant appeals.
We agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale. Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. The defendant's contention that the plaintiff obtained the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of intrinsic fraud, not extrinsic fraud (see U.S. Bank, N.A. v Peters, 127 AD3d 742, 742). Contrary to the defendant's contention, where a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Karlis, 138 AD3d 915). Here, since the defendant presented no excuse for her default, the court properly denied her motion pursuant to CPLR 5015(a)(3), regardless of whether she presented a potentially meritorious defense to the action (see U.S. Bank N.A. v Persaud, 175 AD3d 1344; U.S. Bank, N.A. v Robinson, 168 AD3d 1120; US Bank N.A. v Galloway, 150 AD3d 1174).
Furthermore, the defendant failed to meet her burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the judgment of foreclosure and sale (see U.S. Bank N.A. v Persaud, 175 AD3d at 1346; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748; LaSalle Bank N.A. v Oberstein, 146 AD3d 945). The assignments of mortgage attached to the summons and complaint were valid, and the plaintiff's submission of those documents to the Supreme Court did not constitute fraud, misrepresentation, or other misconduct. Because the out-of-state acknowledgments on those documents conformed substantially with the requirements of New York State (see Real Property Law § 309-b), a certificate of conformity was not required under Real Property Law § 299-a(1) (see Midfirst Bank v Agho, 121 AD3d 343, 351). Moreover, even if the assignments of mortgage and affidavit were not accompanied by a certificate of conformity, the absence of a certificate of conformity is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice (see CPLR 2001; Midfirst Bank v Agho, 121 AD3d at 351). No such showing has been made here.
The defendant failed to show that vacatur was warranted such that the Supreme Court should have exercised its inherent discretionary power to vacate the judgment of foreclosure and sale in the interest of substantial justice (see Citimortgage, Inc. v Brown, 111 AD3d 593; cf. Hudson City Sav. Bank v Cohen, 120 AD3d 1304).
The defendant's contention that the plaintiff failed to establish that it had standing to commence this action is without merit (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355).
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court