Christiana Trust v McCobb (2020 NY Slip Op 05883)





Christiana Trust v McCobb


2020 NY Slip Op 05883


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-01789
 (Index No. 68048/14)

[*1]Christiana Trust, etc., respondent, 
v
Sharon McCobb, appellant, et al., defendants.


David A. Bythewood, Mineola, NY, for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sharon McCobb appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 3, 2018. The order denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court entered upon that defendant's default in appearing or answering the complaint.
ORDERED that the order is affirmed, with costs.
In 2014, the plaintiff commenced this action against, among others, the defendant Sharon McCobb (hereinafter the defendant) to foreclose the subject mortgage. The defendant did not answer or otherwise join issue in the action. The plaintiff was granted an order of reference upon the defendant's default, and, thereafter, a judgment of foreclosure and sale was entered.
The defendant moved, inter alia, pursuant to CPLR 5015(3) to vacate the judgment of foreclosure and sale, based upon the plaintiff's alleged fraud and misrepresentation. The plaintiff opposed the motion, arguing, among other things, that the motion should be denied because the defendant had failed to provide a reasonable excuse for her default. The Supreme Court denied the motion, concluding that the defendant had failed to demonstrate a reasonable excuse for her default, or the existence of a potentially meritorious defense. The defendant appeals.
We agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale. Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order upon the ground of "fraud, misrepresentation, or other misconduct of an adverse party." The defendant's contention that the plaintiff obtained the judgment of foreclosure and sale through the submission of fraudulent documents amounts to an allegation of intrinsic fraud (see U.S. Bank N.A. v Persaud, 175 AD3d 1344, 1345; U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121). Contrary to the defendant's contention, "[w]here a defendant seeks to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud, he or she must establish a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank N.A. v Persaud, 175 AD3d at 1345-1346; see Bank of N.Y. Mellon Trust Co., N.A. v Ross, 170 AD3d 931, 932). Here, since the defendant presented no excuse for her default, we agree with the Supreme Court's determination denying that branch of her [*2]motion which was pursuant to CPLR 5015(a)(3) (see U.S. Bank N.A. v Persaud, 175 AD3d at 1346; Bank of N.Y. Mellon Trust Co., N.A. v Ross, 170 AD3d at 932).
Furthermore, the defendant failed to meet her burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) (see Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1352; U.S. Bank N.A. v Persaud, 175 AD3d at 1346; Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748, 751). Although the assignments of mortgage submitted by the plaintiff were executed outside the State of New York, and two of the three were not accompanied by a certificate of conformity pursuant to CPLR 2309(c) and Real Property Law § 299-a, the out-of-state acknowledgments that accompanied those two documents "substantially conformed with the template requirement of Real Property Law § 309-b" (Midfirst Bank v Agho, 121 AD3d 343, 351) so as to, in effect, constitute certificates of conformity (see id. at 351). We note that, even if the assignments of mortgage had not sufficiently conformed to the statutory template, the absence of a certificate of conformity is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice (see CPLR 2001; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071; Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200; Midfirst Bank v Agho, 121 AD3d at 351). Thus, even if the certificates of conformity were inadequate or missing, no substantial right of the defendant is prejudiced herein (see Midfirst Bank v Agho, 121 AD3d at 352).
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court