U.S. Bank N.A. v Swanson (2020 NY Slip Op 08097)





U.S. Bank N.A. v Swanson


2020 NY Slip Op 08097


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10131
 (Index No. 37543/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Susan Swanson, appellant, et al., defendants.


David A. Bythewood, Mineola, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Susan Swanson appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated August 7, 2017. The order denied the motion of the defendant Susan Swanson pursuant to CPLR 5015(a)(3) to vacate an order of the same court (Jeffrey Arlen Spinner, J.) dated March 18, 2013, inter alia, granting that branch of the plaintiff's unopposed motion which was for summary judgment on the complaint insofar as asserted against that defendant, and a judgment of foreclosure and sale of the same court entered September 22, 2016.
ORDERED that the order dated August 7, 2017, is affirmed, with costs.
We agree with the Supreme Court's determination that the defendant Susan Swanson (hereinafter the defendant) failed to move for vacatur under CPLR 5015(a)(3) within a reasonable time. "Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3), a party is required to make the motion within a reasonable time" (Bank of N.Y. v Stradford, 55 AD3d 765; see CPLR 5015[a][3] [court may relieve party from judgment or order "upon such terms as may be just"]; see also Kondaur Cpaital Corp. v Stewart, 166 AD3d 748, 749-750).
Here, the record reflects that the defendant was aware of the action, having appeared and answered in 2009, but nevertheless failed to oppose the plaintiff's 2012 motion, inter alia, for summary judgment on the complaint insofar as asserted against her. Moreover, the arguments raised by the defendant in her 2017 motion, among other things, to vacate the 2013 order granting the plaintiff's motion were apparent from the face of the plaintiff's original motion papers, as the arguments related to a purported defect in the written assignment of the mortgage and note due to the absence of a certificate of conformity as required by Real Property Law § 299-a. Under such circumstances, the defendant's delay of four years in moving to vacate the prior order dated March 18, 2013, was unreasonable (see Wells Fargo Bank, N.A. v Graffioli, 167 AD3d 969, 971; Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469).
We further agree with the Supreme Court's determination that the defendant's allegations failed to demonstrate that the plaintiff's conduct in securing either the order dated March 18, 2013, or the judgment of foreclosure and sale rose to the level of fraud, misrepresentation, or [*2]other misconduct (see Capital One, N.A. v Mc Cormack, 183 AD3d 644; U.S. Bank N.A. v Allen, 102 AD3d 955).
Moreover, the defendant failed to demonstrate that the invocation of a court's inherent power to vacate a judgment in the interest of substantial justice is warranted in this case (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1168). Accordingly, we agree with the Supreme Court's determination denying the defendant's motion, inter alia, pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale (see Citimortgage, Inc. v Brown, 111 AD3d 593, 594).
Based upon the foregoing, we need not reach the defendant's contention that the Supreme Court erred in requiring her to demonstrate a reasonable excuse for her failure to oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court