DBW TL Holdco 2014, LLC v Kirk (2021 NY Slip Op 00543)





DBW TL Holdco 2014, LLC v Kirk


2021 NY Slip Op 00543


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-05963
2019-05965
 (Index No. 608673/17)

[*1]DBW TL Holdco 2014, LLC, appellant,
v
Robert P. Kirk, Jr., etc., et al., defendants, Kathleen M. Kirk, etc., respondent.


Bronster LLP, New York, NY (Don Abraham of counsel), for appellant.
John R. Lewis, Jr., Esq., P.C., Farmingdale, NY, for respondent and defendant Robert P. Kirk, Jr.



DECISION & ORDER
In an action to foreclose a tax lien, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated March 12, 2019, and (2) a judgment of foreclosure and sale of the same court entered March 19, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an award of attorney's fees from the defendant Kathleen M. Kirk. The judgment of foreclosure and sale, insofar as appealed from, upon the order, failed to award the plaintiff attorney's fees from that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Kathleen M. Kirk.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In February 2014, the Nassau County Treasurer sold the plaintiff a tax lien on certain real property owned by the defendant Kathleen M. Kirk (hereinafter the defendant) and her former husband, the defendant Robert P. Kirk, Jr. (hereinafter Kirk). In January 2016, the plaintiff purportedly served the defendant with a notice to redeem pursuant to CPLR 308(4) by affixing the notice to the door of the defendant's residence and by mailing the notice to the same address.
Thereafter, on August 24, 2017, the plaintiff commenced this action to foreclose the tax lien against, among others, the defendant and Kirk. In an order dated April 24, 2018, the [*2]Supreme Court granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against Kirk and for an order of reference. The plaintiff then moved for summary judgment on the complaint insofar as asserted against the defendant. In an order entered October 24, 2018, the Supreme Court, inter alia, granted the plaintiff's motion.
The plaintiff subsequently moved for a judgment of foreclosure and sale and for an award of attorney's fees, costs, and disbursements. The defendant opposed only that branch of the plaintiff's motion which was for an award of attorney's fees from her. The defendant argued that, inasmuch as service of the notice to redeem upon her was defective because the process server failed to establish due diligence prior to resorting to "nail and mail" service, the plaintiff was not entitled to an award of attorney's fees from her. Kirk did not oppose the plaintiff's motion. In an order dated March 12, 2019, the Supreme Court denied that branch of the plaintiff's motion which was for an award of attorney's fees from the defendant, and otherwise granted the motion.
On March 19, 2019, the Supreme Court entered a judgment of foreclosure and sale, which, inter alia, awarded the plaintiff attorney's fees in the sum of $30,956.90 from Kirk, and failed to award the plaintiff attorney's fees from the defendant. The plaintiff appeals.
Pursuant to Nassau County Administrative Code § 5-51.0(c), prior to the commencement of this action, the plaintiff was required to serve the defendant with a notice to redeem "by personal service, as defined in the Civil Practice Law and Rules of the State of New York" (see Nassau County Administrative Code § 5-51.0[a]). Here, the plaintiff purportedly served the defendant with the notice to redeem by "nail and mail" service (see CPLR 308[4]). However, contrary to the plaintiff's contention, this service was ineffective, as the plaintiff failed to exercise the requisite due diligence in first attempting to serve the defendant pursuant to CPLR 308(1) or (2) (see generally Estate of Waterman v Jones, 46 AD3d 63, 66; County of Nassau v Letosky, 34 AD3d 414, 415).
Where, as here, a plaintiff fails to properly serve the notice to redeem prior to commencing a foreclosure action, the plaintiff is precluded from recovering attorney's fees from the person to whom the notice was required to be sent, provided that the person "offers to pay the penalties allowed by law at any time before final judgment is entered" (Nassau County Administrative Code § 5-51.0[f]). Here, the defendant offered to pay the penalties allowed by law in a letter dated February 25, 2019, nearly one month prior to entry of the final judgment on March 19, 2019.
Inasmuch as the plaintiff failed to properly serve the defendant with the notice to redeem and the defendant offered to pay the penalties allowed by law prior to the entry of the final judgment, the plaintiff was precluded from recovering attorney's fees from the defendant (see Nassau County Administrative Code § 5-51.0[f]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for an award of attorney's fees from the defendant.
The defendant's remaining contention is not properly before this Court (see CPLR 5515; Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900).
MASTRO, A.P.J., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court