Citimortgage, Inc. v Zagoory (2021 NY Slip Op 05541)





Citimortgage, Inc. v Zagoory


2021 NY Slip Op 05541


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-00817
 (Index No. 6909/10)

[*1]Citimortgage, Inc., etc., respondent, 
v
Samuel Zagoory, appellant, et al., defendant. Samuel Zagoory, East Hills, NY, appellant pro se.


Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Samuel Zagoory appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 16, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate (1), in effect, so much of an order of the same court dated May 8, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Samuel Zagoory and Lisa Zagoory, to strike their answer, and for an order of reference, and (2) a judgment of foreclosure and sale of the same court entered September 11, 2015.
ORDERED that the order entered November 16, 2017, is affirmed, with costs.
In August 1999, the defendants Samuel Zagoory and Lisa Zagoory (hereinafter together the defendants) executed and delivered to the Bank of America, Federal Savings Bank, a note in the principal sum of $597,600. The note was secured by a mortgage encumbering certain real property in East Hills (hereinafter the first mortgage). In January 2003, the mortgage was assigned to ABN AMRO Mortgage Group, Inc. (hereinafter ABN AMRO). On March 24, 2003, the defendants executed and delivered to ABN AMRO a second note in the sum of $76,163.33 which was secured by a second mortgage. On the same date, the defendants executed and delivered to ABN AMRO a consolidation, extension, and modification agreement, which consolidated the two notes and mortgages to form a single lien in the sum of $650,000. On or about December 1, 2009, the defendants defaulted in their payment obligations. In April 2010, the plaintiff, as the successor by merger to ABN AMRO, commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed a verified answer. In an order dated May 8, 2013, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. A judgment of foreclosure and sale was entered on September 11, 2015. On January 10, 2017, the subject property was sold to the plaintiff at auction. In September 2017, Samuel Zagoory (hereinafter the appellant) moved pursuant to CPLR 5015(a)(3) to vacate, in effect, so much of the order dated May 8, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and the judgment of foreclosure and sale on the ground that the plaintiff submitted an allegedly fraudulent assignment of the first mortgage. In an order entered November 16, 2017, the court denied the appellant's motion.
"Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order [*2]upon the ground of 'fraud, misrepresentation, or other misconduct of an adverse party'" (Christiana Trust v McCobb, 187 AD3d 981, 982, quoting CPLR 5015[a][3]). Here, the appellant failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur, pursuant to CPLR 5015(a)(3), of the May 8, 2013 order granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference, or the judgment of foreclosure and sale (see Christiana Trust v McCobb, 187 AD3d at 982-983; Capital One, N.A. v Mc Cormack, 183 AD3d 644, 645; U.S. Bank N.A. v Allen, 102 AD3d 955, 955). Although the assignment of the first mortgage was executed outside the State of New York, and was not accompanied by a certificate of conformity pursuant to Real Property Law § 299-a, the out-of-state acknowledgment that accompanied the assignment of mortgage "substantially conformed with the template requirement of Real Property Law § 309-b" (Midfirst Bank v Agho, 121 AD3d 343, 351) so as to, in effect, constitute a certificate of conformity (see id. at 351; see also Christiana Trust v McCobb, 187 AD3d at 982-983; Capital One, N.A. v Mc Cormack, 183 AD3d at 645). In any event, even if the assignment of mortgage had not sufficiently conformed to the statutory template, "the absence of a certificate of conformity is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice" (Capital One, N.A. v Mc Cormack, 183 AD3d at 645; see CPLR 2001; Bank of Am., N.A. v Ball, 188 AD3d 974, 974; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070, 1071). Moreover, a mere assignment of mortgage is irrelevant to the issue of the plaintiff's standing to foreclose, as the mortgage is not the dispositive document of title (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362; U.S. Bank N.A. v Trulli, 179 AD3d 740, 742; Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296).
The appellant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the appellant's motion pursuant to CPLR 5015(a)(3) to vacate, in effect, the subject portions of the order dated May 8, 2013, and the judgment of foreclosure and sale (see Capital One, N.A. v Mc Cormack, 183 AD3d at 645).
DILLON, J.P., IANNACCI, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court