U.S. Bank N.A. v Livingston (2021 NY Slip Op 06389)





U.S. Bank N.A. v Livingston


2021 NY Slip Op 06389


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.


2018-02944
2018-05050
 (Index No. 24168/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Brian Livingston, et al., appellants, et al. defendants.


David A. Bythewood, Mineola, NY, for appellants.
Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Brian Livingston and Camile Cascone appeal from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 11, 2018, and (2) an order of the same court dated February 16, 2018. The order dated January 11, 2018, denied those defendants' motion pursuant to CPLR 5015(a)(3) to vacate a judgment of foreclosure and sale of the same court (Daniel Martin, J.) dated December 8, 2010, and to dismiss the complaint insofar as asserted against them, and, sua sponte, directed further proceedings to determine whether sanctions should be imposed for making a frivolous motion. The order dated February 16, 2018, insofar as appealed from, after a hearing, imposed sanctions in the sum of $1,268.50 payable to the plaintiff's attorney.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated January 11, 2018, as, sua sponte, directed further proceedings to determine whether sanctions should be imposed for making a frivolous motion is deemed to be an application for leave to appeal from that portion of the order dated January 11, 2018, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated January 11, 2018, is modified, on the law, by deleting the provision thereof directing further proceedings to determine whether sanctions should be imposed for making a frivolous motion; as so modified, the order dated January 11, 2018, is affirmed, without costs or disbursements, and so much of the order dated February 16, 2018, as imposed sanctions in the sum of $1,268.50 payable to the plaintiff's attorney is vacated; and it is further,
ORDERED that the appeal from so much of the order dated February 16, 2018, as imposed sanctions in the sum of $1,268.50 payable to the plaintiff's attorney is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated January 11, 2018.
The plaintiff commenced this action against the defendants Brian Livingston and Camile Cascone (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Remsenburg. Upon the defendants' default in appearing or answering the complaint, the Supreme Court issued a judgment of foreclosure and sale dated December 8, 2010. Thereafter, in 2017, the defendants moved pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against [*2]them. By order dated January 11, 2018, the court, inter alia, denied the defendants' motion, sua sponte, determined that the motion was frivolous, and directed further proceedings to determine whether sanctions should be imposed for making a frivolous motion. By order dated February 16, 2018, the court, after a hearing, inter alia, imposed sanctions in the sum of $1,268.50 payable to the plaintiff's attorney. The defendants appeal from the orders dated January 11, 2018, and February 16, 2018.
The Supreme Court properly determined that the defendants failed to move for vacatur under CPLR 5015(a)(3) within a reasonable time. "Although there is no express time limit for seeking relief from a judgment pursuant to CPLR 5015(a)(3), a party is required to make the motion within a reasonable time" (Bank of N.Y. v Stradford, 55 AD3d 765, 765; see CPLR 5015[a][3]; U.S. Bank N.A. v Swanson, 189 AD3d 1642; Kondaur Capital Corp. v Stewart, 166 AD3d 748, 749-750). Here, the defendants did not move to vacate the judgment of foreclosure and sale until more than six years after the entry of the judgment. Under the circumstances, this delay was unreasonable (see U.S. Bank N.A. v Swanson, 189 AD3d at 1643; Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 469; Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900; Sealey v Westend Gardens Hous. Dev. Fund Co., Inc., 97 AD3d 653, 654; Bank of N.Y. v Stradford, 55 AD3d at 765). Accordingly, the court properly denied the defendants' motion.
However, the Supreme Court improvidently exercised its discretion in determining that the defendants' motion was frivolous and imposing sanctions. A court may award costs to a party or attorney resulting from frivolous conduct (see 22 NYCRR 130-1.1[a]). Conduct is frivolous where an argument advanced by a party is, as is relevant here, "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]). Contrary to the court's determination, the arguments advanced by the attorney for the defendants can be supported by a reasonable argument for a modification or extension of existing law. Accordingly, sanctions should not have been imposed.
In light of our determinations, we need not reach the defendants' remaining contentions.
HINDS-RADIX, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court