Reich v Redley (2024 NY Slip Op 03702)

Reich v Redley

2024 NY Slip Op 03702

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-07825
 (Index No. 4633/08)

[*1]Alexander Reich, respondent, 
v
Dwight Redley, appellant, et al., defendants.

Chidi Eze, Brooklyn, NY (Reza Islam of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dwight Redley appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 4, 2021. The order, insofar as appealed from, denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Masha L. Steinhardt, J.) dated March 23, 2011, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Dwight Redley (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. The defendant failed to appear or answer the complaint, and ultimately an order and judgment of foreclosure and sale was issued, inter alia, directing the sale of the subject property. On the eve of the scheduled auction of the property, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the order and judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him. The plaintiff opposed the motion. By order dated August 4, 2021, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
Pursuant to CPLR 5015(a)(3), a court may relieve a party from a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party. The defendant's contention that the allegations in the complaint are false amounts to an allegation of intrinsic fraud, which requires the defendant to establish a reasonable excuse for the default and a potentially meritorious defense to the action (see ETrade Bank v Ejenam, 188 AD3d 1004, 1006; Capital One, N.A. v Mc Cormack, 183 AD3d 644, 644). Since the defendant offered no excuse for his default, it is unnecessary to consider whether he presented a potentially meritorious defense to the action (see CitiMortgage, Inc. v Nunez, 198 AD3d 865; ETrade Bank v Ejenam, 188 AD3d at 1006).
Further, the defendant failed to demonstrate any basis on which to vacate the order and judgment of foreclosure and sale in the interests of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 69).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to vacate the order and judgment of foreclosure and sale. Since the order and judgment of foreclosure and sale was entered upon the defendant's default, and the defendant has failed to establish any grounds for relief from the order and judgment of foreclosure and sale, the court also properly denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him (see U.S. Bank Trust, N.A. v McCobb, 222 AD3d 696, 698).
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court